IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
WESTERN DIVISION

| | | |
|---|---|---|
| KIRK CHRZANOWSKI, | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| vs. | ) | No. 12 CV 50020 |
| | ) | |
| LOUIS A. BIANCHI, individually and in | ) | Judge: |
| his official capacity as McHenry County | ) | Magistrate Judge: |
| State's Attorney, MICHAEL P. COMBS, | ) | |
| individually, and in his official capacity as | ) | |
| McHenry County Assistant State's Attorney, & | ) | |
| COUNTY OF MCHENRY, | ) | |
| *Defendants*. | ) | **JURY DEMAND** |

## COMPLAINT

Now comes, the Plaintiff, KIRK CHRZANOWSKI, by and through his attorneys

GUMMERSON RAUSCH WAND LEE WOMBACHER, LLC and complaining of the

Defendants, LOUIS A. BIANCHI, MICHAEL P. COMBS, and COUNTY OF McHENRY,

states as follows:

## JURISDICTION & VENUE

1.    The jurisdiction of the court is invoked pursuant to 42 U.S.C. §1983 in that the

Plaintiff has been deprived of his rights secured by the Constitution of the United

States of America, the Constitution of the United States of America, and the Court's

supplementary jurisdiction powers pursuant to 28 U.S.C. § 1367(a).

2.    Venue lies in the Western Division of the Northern District of Illinois pursuant to 28

U.S.C. § 1391, because the relevant acts occurred within this District and the

individual and corporate defendants are residents of the Western District.

## PARTIES

3.  Plaintiff, KIRK CHRZANOWSKI, is an individual residing in Palatine, Cook County, Illinois and is a citizen of the United States.

4.  At all relevant times hereto Plaintiff had the right to freedom of speech and freedom of association as guaranteed by the Constitution of the United States of America.

5.  Defendant COUNTY OF MCHENRY is a municipal corporation and a unit of local Illinois government, whose seat is in Woodstock, McHenry County, Illinois, which is located in the Western Division of the Northern District of Illinois. The COUNTY OF MCHENRY is the employer and principal of the individual defendant actors.

6.  At all relevant times hereto, the McHENRY COUNTY STATE'S ATTORNEYS OFFICE was a department of the County of McHENRY.

7.  Defendant LOUIS A. BIANCHI is and at all times relevant was the elected State's Attorney of McHenry County, Illinois. At all relevant times hereto BIANCHI was acting under color of state law and in the capacity of elected State's Attorney of McHenry County, Illinois. Defendant BIANCHI is sued in his individual and official capacity.

8.  Upon information and belief, Defendant LOUIS A. BIANCHI, is a resident of Crystal Lake, County of McHenry, State of Illinois.

9.  Defendant MICHAEL P. COMBS is and at all times relevant was an Assistant McHenry County State's Attorney. At all relevant times COMBS was acting under color of state law. He is sued in his official and individual capacity.

10. Upon information and belief, Defendant, MICHAEL P. COMBS, is a resident of Rockford, County of Winnebago, State of Illinois.

## FACTS COMMON TO ALL COUNTS

11.   Plaintiff was employed as an Assistant State's Attorney with the McHenry County State's Attorney's Office from January 23, 2006 to his wrongful termination on December 2, 2011.

12.   On or about February 10, 2011, Plaintiff testified before the McHenry County grand jury pursuant to a subpoena served upon him by the special prosecutor in the matter, In re the Investigation of Louis A. Bianchi.

13.   Plaintiff gave sworn testimony before the grand jury concerning the allegation that McHenry County State's Attorney Louis A. Bianchi had improperly influenced and/or arranged a negotiated plea in a case for which Plaintiff was principally responsible.

14.   Prior to giving his testimony, Plaintiff received a telephone call from Ron Salgado, Chief Investigator in the McHenry County State's Attorney's Office, and a friend and political ally of Louis A. Bianchi.

15.   Ron Salgado left Plaintiff a message indicating that he wanted to speak to Plaintiff about the grand jury subpoena.

16.   Plaintiff did not return Salgado's call nor otherwise respond to the message.

17.   On or about February 24, 2011 the grand jury before which Plaintiff testified returned an indictment against Louis A. Bianchi on charges of official misconduct in violation of 720 ILCS 5/33-3(b).

18.   On or about April 6, 2011, the Special Prosecutor listed Plaintiff as a potential trial witness in the matter of People of the State of Illinois versus Louis A. Bianchi, 11 CF 169.

19.  On or about July 13, 2011, Plaintiff was served with a subpoena to testify in the matter of People of the State of Illinois versus Louis A. Bianchi.

20.  On August 1, 2011 Plaintiff testified in the prosecution's case-in-chief in the matter of People v. Louis A. Bianchi, 11 CF 169 concerning the allegation that Louis A. Bianchi had improperly influenced and/or arranged a negotiated plea in a case for which Plaintiff was principally responsible.  Attached hereto and incorporated herein, by reference, as Exhibit A is a true and correct copy of the transcript of Plaintiff's testimony.

21.  Prior to his testifying at trial, Plaintiff received several email messages at his McHenry County State's Attorney's Office-issued email address, from Terry Ekl, the attorney who represented Louis A. Bianchi in People v. Bianchi, 11 CF 169.

22.  Plaintiff did not return those emails nor otherwise respond to the messages.

23.  Prior to his testifying at trial, Plaintiff received several voicemail messages, via his desk telephone at the McHenry County State's Attorney's Office from Thomas Popovich, the attorney who represented Ron Salgado, Chief Investigator for the McHenry County State's Attorney's Office,  in another matter filed by the Special Prosecutor, People v. Salgado.

24.  Plaintiff did not return those phone calls nor otherwise respond to the messages.

25.  On cross-examination of the Plaintiff by Attorney Ekl the following exchange occurred:

> Q.  And you didn't feel that you owed your boss any obligation to talk to his lawyer before this trial, right?
> A.  My only obligation is to tell the truth here, sir.

26.     The Defendant received good performance reviews accompanied by salary increases

in 2006, 2007, 2008 (twice), 2009 and 2010.

27.     Prior to the disclosure of the Plaintiff as a potential witness against Defendant

BIANCHI, the Plaintiff's personnel file contained positive feedback and

commendations.

28.     After the disclosure of the Plaintiff as a potential witness, Defendant BIANCHI began

to retaliate against the Plaintiff by placing purportedly negative information in the

Plaintiff's personnel file.

29.     On June 6, 2011, Defendant Bianchi placed a memorandum in the Plaintiff's

personnel file that was negative and unrelated to his performance as an Assistant

McHenry County State's Attorney.   The memorandum stated:

> This morning when I was passing through the office at approximately
> 8:20, Kirk was passing through with two college females who are
> spending their internship here at the office.  He passed me by without
> introducing me.  I then went around the office and intentionally came
> and circled around and stopped him and asked him to introduce me to
> them.  He never would have thought of introducing me to them had I
> not stopped him and made a point of it.

The Plaintiff was not made aware that the memorandum was placed in his personnel

file, nor was he given an opportunity to respond to the memorandum.

30.     On  or about July 27, 2011, Defendant BIANCHI, placed his handwritten notes

regarding a telephone conference with a member of the public, that do not identify

Plaintiff in any way, in Plaintiff's personnel file.  The Plaintiff was not made aware

that the notes were placed in his personnel file, nor was he given an opportunity to

respond to them.

31.    On or about September 8, 2011, Defendant COMBS e-mailed Defendant BIANCHI regarding the Plaintiff, and that e-mail was placed in Plaintiff's personnel file. The Plaintiff was not made aware that the e-mail was placed in his personnel file, nor was he given an opportunity to respond to the e-mail.

32.    Defendant COMBS was never in a supervisory role over the Plaintiff.

33.    On December 2, 2011, Plaintiff was summoned from his regular courtroom duties by James Kelch, an investigator of the McHenry County State's Attorney's Office, to Defendant BIANCHI's office.

34.    Once present in Defendant BIANCHI's office, Plaintiff was confronted and interrogated by Defendants BIANCHI and COMBS. State's Attorney Investigator James Kelch was also present, but did not participate in the interrogation.

35.    Defendant COMBS presented Plaintiff with a transcript of his grand jury and trial testimony from the matter People v. Louis A. Bianchi, 11 CF 169 and interrogated Plaintiff about his testimony.

36.    Defendant COMBS presented Plaintiff with purported phone records and interrogated Plaintiff about same.

37.    Defendant BIANCHI asked Plaintiff for his resignation and when Plaintiff refused, Louis A. Bianchi told Plaintiff, "You're terminated. Get out." Plaintiff's firing was in retaliation for his truthful testimony against Defendant BIANCHI.

38.    Plaintiff was immediately escorted to retrieve certain of his belongings from his office where another investigator of the McHenry County State's Attorney's Office was waiting for Plaintiff.

39.     As a result of the wrongful termination, Plaintiff lost approximately 300 hours of
        accumulated sick pay and paid personal time.

40.     As a direct and proximate result of the actions taken by the defendants, the Plaintiff
        has suffered lost wages and other economic losses.  He has suffered emotional
        distress, embarrassment, and mental anguish.

41.     Following the Plaintiff's termination, Defendant COMBS placed a lengthy
        memorandum in Plaintiff's personnel file.  The Plaintiff was not made aware that the
        memorandum was placed in his personnel file, nor was he given an opportunity to
        respond to the memorandum.

42.     Following the termination of the Plaintiff, Defendant COMBS was promoted to the
        Chief of the Criminal Division of the McHenry County State's Attorney's Office.

43.     Defendant BIANCHI has engaged in a pattern of conduct in which he has retaliated
        against employees of the McHenry County State's Attorney's Office that have
        testified against him.

44.     Defendant BIANCHI and the McHenry County State's Attorney's Office has a
        custom, practice, policy and/or pattern, either implicit or explicit of retaliating against
        employees who exercise their constitutional right to freedom of speech by speaking
        against BIANCHI's conduct, speaking to individuals investigating and/or prosecuting
        BIANCHI, being listed as witnesses for the prosecution in criminal cases pending
        against BIANCHI, or testifying against BIANCHI.

45.     Defendant BIANCHI has a custom and practice of giving preferential treatment to
        employees that are political allies.

46.     At or about the time of the investigation and prosecution of BIANCHI by a special prosecutor, Thomas Carroll was employed by the McHenry County State's Attorney's Office as an Assistant McHenry County State's Attorney.

47.     Upon information and belief, Thomas Carroll testified before the McHenry County Grand Jury, and the Circuit Court of McHenry County regarding the allegations contained in the Bill of Indictment against Defendant BIANCHI.

48.     Upon information and belief, Thomas Carroll was subpoenaed by the Special Prosecutor to testify in the trial of the matter of People of the State of Illinois versus Louis A. Bianchi, 10 CF 933.

49.     Upon information and belief, Thomas Carroll was also directed to resign or told he would be terminated.

50.     Upon information and belief, Defendant BIANCHI, constructively discharged Thomas Carroll, following his truthful courtroom testimony.

51.     Prior to the time of the investigation and prosecution of BIANCHI by a special prosecutor, Jeffrey Bora was employed by the McHenry County State's Attorney's Office as an Assistant McHenry County State's Attorney.

52.     Upon information and belief, Jeffrey Bora was principally responsible for the prosecution of a defendant BIANCHI identified to Bora as a relative of BIANCHI.

53.     Upon information and belief, in the course of his work on that case, Jeffrey Bora was approached by BIANCHI and asked to give the defendant a recognizance bond in the pending felony matter.

54.     Upon information and belief, Jeffrey Bora refused to grant the recognizance bond.

55. Upon information and belief, thereafter, BIANCHI on several occasions attempted to influence Jeffrey Bora's prosecution, pursuant to his official duties, of said Defendant.

56. Upon information and belief, Jeffrey Bora spoke out against BIANCHI's actions.

57. Upon information and belief, in retaliation for Jeffrey Bora's protected speech, Jeffrey Bora's employment was terminated by BIANCHI.

## COUNT I – 42 U.S.C. §1983 – VERSUS LOUIS A. BIANCHI

58. Plaintiff hereby incorporates paragraphs 1 through 57 as if fully set forth herein.

59. At all times relevant to the complaint there was in effect §1983 of United States Code, Title 42, Chapter 21, Subchapter I which provides, in relevant part,:

> Every person who, under color of any ... ordinance ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. §1983.

60. Defendant BIANCHI is a state actor by means of his employment as the elected State's Attorney for the County of McHenry.

61. As described above, Plaintiff exercised his right to freedom of speech.

62. Plaintiff's actions constitute speech on matters of public concern and, therefore, Plaintiff's speech is protected by the First Amendment to the United States Constitution.

63. At the time of Plaintiff's protected speech, he was speaking as a private citizen.

64. As a result of Plaintiff's protected speech, Defendant retaliated against Plaintiff by terminating his employment.

65.     As a direct and proximate result of the actions taken by defendants as described

herein, the Plaintiff has suffered a chilling effect upon the exercise of his

constitutional right of freedom of speech and has suffered harm and injury.

66.     At all relevant times, Defendant BIANCHI's actions were willful, wanton, intentional

and malicious.  Punitive damages should be awarded in order to punish and deter

such conduct.

WHEREFORE, Plaintiff prays that this Court will enter judgment against the Defendant

LOUIS A. BIANCHI and in favor of Plaintiff for compensatory damages in excess of Fifty

Thousand Dollars ($50,000.00), for punitive damages in an amount to be determined, for

reasonable attorney's fees and costs as authorized by 42 U.S.C. §1988, and for such other relief

as this Court deems appropriate.

## COUNT II – 42 U.S.C. §1983 – VERSUS MICHAEL P. COMBS

67.     Plaintiff hereby incorporates paragraphs 1 through 57 as if fully set forth herein.

68.      At all times relevant to the complaint there was in effect §1983 of United States

Code, Title 42, Chapter 21, Subchapter I which provides, in relevant part,:

> Every person who, under color of any ... ordinance ... subjects, or
> causes to be subjected, any citizen of the United States ... to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party injured in an
> action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. §1983.

69.     Defendant COMBS acted in his capacity as Assistant McHenry County State's

Attorney, and is therefore a state actor.

70.     As described above, Plaintiff exercised his right to freedom of speech.

71.     Plaintiff's actions constitute speech on matters of public concern and, therefore, Plaintiff's speech is protected by the First Amendment to the United States Constitution.

72.     At the time of Plaintiff's protected speech, he was speaking as a private citizen.

73.     As a result of Plaintiff's protected speech, Defendant COMBS retaliated against Plaintiff by interrogating him regarding his testimony in the matter of People v. Bianchi.

74.     Defendant COMBS also interfered with the Plaintiff's constitutional right to remain silent, in that he continued to interrogate him despite Plaintiff's assertion of his right to counsel.

75.     As a direct and proximate result of the actions taken by defendants as described herein, the Plaintiff has suffered a chilling effect upon the exercise of his constitutional right of freedom of speech and has suffered harm and injury.

76.     At all relevant times, Defendant COMBS' actions were willful, wanton, intentional and malicious.  Punitive damages should be awarded in order to punish and deter such conduct.

     WHEREFORE, Plaintiff prays that this Court will enter judgment against the Defendant MICHAEL P. COMBS and in favor of Plaintiff for compensatory damages in excess of Fifty Thousand Dollars ($50,000.00), for punitive damages in an amount to be determined, for reasonable attorney's fees and costs as authorized by 42 U.S.C. §1988, and for such other relief as this Court deems appropriate.

### COUNT III – 42 U.S.C. §1983 – VERSUS COUNTY OF MCHENRY

77.     Plaintiff hereby incorporates paragraphs 1 through 76 as if fully set forth herein.

11

78.     At all times relevant to the complaint there was in effect §1983 of United States

Code, Title 42, Chapter 21, Subchapter I which provides, in relevant part,:

> Every person who, under color of any ... ordinance ... subjects, or
> causes to be subjected, any citizen of the United States ... to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party injured in an
> action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. §1983.

79.     County of McHenry is a public governmental entity and is therefore a state actor.

80.     As described above, Plaintiff exercised his right to freedom of speech.

81.     Plaintiff's actions constitute speech on matters of public concern and, therefore,

Plaintiff's speech is protected by the First Amendment to the United States

Constitution.

82.     At the time of Plaintiff's protected speech, he was speaking as a private citizen.

83.     As a result of Plaintiff's protected speech, Defendants BIANCHI and COMBS

retaliated against Plaintiff by interrogating him regarding his testimony in the matter

of People v. Bianchi, and terminating his employment with the COUNTY OF

McHENRY.

84.     Defendant COMBS also interfered with the Plaintiff's constitutional right to remain

silent, in that he continued to interrogate him despite Plaintiff's assertion of his right

to counsel.

85.     As a direct and proximate result of the actions taken by defendants as described

herein, the Plaintiff has suffered a chilling effect upon the exercise of his

constitutional right of freedom of speech and has suffered harm and injury.

86. At all relevant times, Defendants BIANCHI and COMBS' actions were willful, wanton, intentional and malicious. Punitive damages should be awarded in order to punish and deter such conduct.

87. At all relevant times Defendants BIANCHI and COMBS were employees of Defendant COUNTY OF McHENRY, and were acting in their official capacity.

88. Defendant COUNTY OF McHENRY is responsible for the actions of its employees acting under color of law.

WHEREFORE, Plaintiff prays that this Court will enter judgment against the Defendant MICHAEL P. COMBS and in favor of Plaintiff for compensatory damages in excess of Fifty Thousand Dollars ($50,000.00), for punitive damages in an amount to be determined, for reasonable attorney's fees and costs as authorized by 42 U.S.C. §1988, and for such other relief as this Courts deems appropriate.

## COUNT IV – FREEDOM OF SPEECH

89. Plaintiff hereby incorporates paragraphs 1 through 57 as if fully set forth here.

90. As described above, Plaintiff exercised his right to freedom of speech.

91. Plaintiff's actions constitute speech on matters of public concern and, therefore, Plaintiff's speech is protected by the First Amendment to the United States Constitution.

92. As a result of Plaintiff's protected speech, Defendant retaliated against Plaintiff by terminating his employment.

93. As a direct and proximate result of the actions taken by Defendant, Plaintiff has suffered a chilling effect upon the exercise of his constitutional freedom of speech and has suffered harm and injury.

94.     At all relevant times, Defendant's actions were willful, wanton, intentional and malicious.  Punitive damages are necessary and appropriate to punish and deter such conduct.

WHEREFORE, Plaintiff prays that this Court will enter judgment against the Defendants, BIANCHI, COMBS, and COUNTY OF McHENRY,  and in favor of Plaintiff for compensatory damages in excess of Fifty Thousand Dollars ($50,000.00), for punitive damages in an amount to be determined, for reasonable attorney's fees and costs as authorized by 42 U.S.C. §1988, and for such other relief as this Court deems appropriate.

## COUNT V– RETALIATORY DISCHARGE (STATE LAW CLAIM)

95.     Plaintiff hereby incorporates paragraphs 1 through 57 as if fully set forth here.

96.     Plaintiff was discharged.

97.     Plaintiff's discharge was in retaliation for his activities as described above.

98.     Plaintiff's discharge violates a clear mandate of public policy.

99.     At all relevant times, Defendant's actions were willful, wanton, intentional and malicious.  Punitive damages are necessary and appropriate to punish and deter such conduct.

WHEREFORE, Plaintiff prays that this Court will enter judgment against the Defendant COUNTY OF MCHENRY and in favor of Plaintiff for compensatory damages in excess of Fifty Thousand Dollars ($50,000.00), for punitive damages in an amount to be determined, and for such other relief as this Court deems appropriate.

## COUNT VI – VIOLATION OF WHISTLEBLOWER ACT (STATE LAW CLAIM)

100.     Plaintiff hereby incorporates paragraphs 1 through 57 as if fully set forth here.

101.   At all times relevant to the complaint there was in effect the Illinois Whistleblower

Act, 740 ILCS 174/1, et. seq. which provides in relevant part:

> An employer may not retaliate against an employee who discloses
> information in a court . . . or in any other proceeding, where the
> employee has reasonable cause to believe that the information
> discloses a violation of a State or federal law, rule, or regulation.

740 ILCS 174/15.

102.   Plaintiff's testimony before the McHenry County Grand Jury and before the trial

court concerned the possible violation of the law of the State of Illinois regarding

official misconduct.

103.   At all relevant times hereto, Plaintiff reasonably believed that the conduct of

Defendant BIANCHI was a violation of the laws of the State of Illinois.

104.   Plaintiff was discharged following his testimony before a tribunal.

105.   Plaintiff's discharge was in retaliation for his activities as described above in

paragraphs 12 – 23 and 31 - 36.

WHEREFORE, Plaintiff prays that this Court will enter judgment against the Defendant,

COUNTY OF McHENRY, and in favor of Plaintiff for all relief necessary to make Plaintiff

whole, including but not limited to the following:

A.   reinstatement, with the same seniority status that Plaintiff would have had;

B.   back pay, with interest; and

C.   any and all other damages sustained as a result of Plaintiff's termination

including but not limited to attorney's fees and costs.

### COUNT VII – CIVIL CONSPIRACY (STATE LAW CLAIM)

106.   Plaintiff hereby incorporates paragraphs 1 through 76 as if fully set forth here.

107.    Defendant BIANCHI and Defendant COMBS knowingly conspired and entered into an agreement to deprive the Plaintiff of his constitutional rights to freedom of speech by termination of his employment.

108.    Defendant COMBS interrogated the Plaintiff in furtherance of the conspiracy. The Plaintiff was terminated following his exercise of his constitutional right to counsel during interrogation.

109.    Defendant BIANCHI unlawfully terminated the Plaintiff in furtherance of the conspiracy.

110.    As a result of Defendant BIANCHI and Defendant COMBS' unlawful actions, the Plaintiff suffered loss of employment, loss of wages, and other pecuniary losses. The Plaintiff also suffered the embarrassment and stress of being terminated despite a good prior job performance.

WHEREFORE, Plaintiff prays that this Court will enter judgment against the Defendants and in favor of Plaintiff for compensatory damages in excess of Fifty Thousand Dollars ($50,000.00), for punitive damages in an amount to be determined, and for such other relief as this Court deems appropriate.

## COUNT VIII – 42 U.S.C. § 1983 CIVIL CONSPIRACY

111.    Plaintiff hereby incorporates paragraphs 1 through 76 as if fully set forth here.

112.    Defendant BIANCHI and Defendant COMBS knowingly and intentionally schemed and worked together in a common plan to deprive the Plaintiff of his constitutional rights to freedom of speech by termination of his employment.

113.  Defendant COMBS interrogated the Plaintiff in furtherance of the conspiracy. The Plaintiff was terminated following his exercise of his constitutional right to counsel during interrogation.

114.  Defendant BIANCHI unlawfully terminated the Plaintiff in furtherance of the conspiracy.

115.  As a result of Defendant BIANCHI and Defendant COMBS' unlawful actions, the Plaintiff suffered loss of employment, loss of wages, and other pecuniary losses. The Plaintiff also suffered the embarrassment and stress of being terminated despite a good prior job performance.

WHEREFORE, Plaintiff prays that this Court will enter judgment against the Defendants BIANCHI and COMBS, and in favor of Plaintiff for compensatory damages in excess of Fifty Thousand Dollars ($50,000.00), for punitive damages in an amount to be determined, for reasonable attorney's fees and costs as authorized by 42 U.S.C. §1988, and for such other relief as this Court deems appropriate.

## COUNT VIII –*RESPONDEAT SUPERIOR* (STATE LAW CLAIM)

116.  Plaintiff hereby incorporates paragraphs 1 through 110 as if fully set forth here.

117.  The acts of the individual defendants described in the state law claims above were willful and wanton, and committed in the scope of their employment.

118.  Pursuant to *respondeat superior*, Defendant COUNTY OF McHENRY is liable for its agents' actions.

WHEREFORE, Plaintiff prays that this Court will enter judgment against the Defendant COUNTY OF McHENRY and in favor of Plaintiff for compensatory damages in excess of Fifty

Thousand Dollars ($50,000.00), for punitive damages in an amount to be determined, and for such other relief as this Court deems appropriate.

### COUNT IX – 745 ILCS 10/9-102 INDEMNIFICATION CLAIM AGAINST COUNTY OF MCHENRY (STATE LAW CLAIM)

119.   Plaintiff hereby incorporates paragraphs 1 through 115 as if fully set forth here.

120.   Defendant COUNTY OF McHENRY is the employer of the individual defendants named herein.

121.   The individual defendants, as previously alleged, committed the acts under color of law and in the scope of their employment with the COUNTY OF McHENRY.

122.   At all relevant times there was in effect the Illinois Tort Immunity Act, 745 ILCS 10/9-102, which states:

> A local public entity is empowered and directed to pay any tort judgment or settlement for compensatory damages (and may pay any associated attorney's fees and costs) for which it or an employee while acting within the scope of his employment is liable in the manner provided in this Article.

123.   The Defendant COUNTY OF McHENRY is required by Illinois law to pay any judgment against any of the defendants.

WHEREFORE, Plaintiff prays that this Court will enter judgment against the Defendant COUNTY OF McHENRY and in favor of Plaintiff for compensatory damages in excess of Fifty Thousand Dollars ($50,000.00), for punitive damages in an amount to be determined, and for such other relief as this Court deems appropriate.

## **RULE 38 JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure, the Plaintiff demands trial by jury for all

claims.


Respectfully submitted,

s/ Jamie R. Wombacher
Attorney for Plaintiff


Rebecca M. Lee
Jamie R. Wombacher
R. Mark Gummerson
**GUMMERSON RAUSCH WAND LEE WOMBACHER, LLC**
101 S. Benton Street, Suite 201
Woodstock, IL 60098
(815) 337-7700 phone
(815) 337-7990 fax