# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 50020 | **DATE** | 4/23/2012 |
| **CASE TITLE** | Chrzanowski vs. Bianchi, et al. | | |

**DOCKET ENTRY TEXT:**

For the reasons stated below, the motion to disqualify [#13] is denied.

*Philip G. Reinhard* (signature)

■ [ For further details see text below.]   Electronic Notices.

## STATEMENT - OPINION

Plaintiff has filed a motion to disqualify all attorneys in the McHenry County State's Attorney's Office (SA's Office) from representing defendants, Louis Bianchi, the McHenry County State's Attorney, Michael Combs, an assistant McHenry County state's attorney, and McHenry County in this lawsuit arising out of plaintiff's termination from employment as an assistant state's attorney. Defendants have responded, and plaintiff filed a reply.

Plaintiff seeks to have all attorneys employed by the SA's Office disqualified for several reasons. First, he contends that Bianchi himself cannot act as counsel pursuant to American Bar Association Model Rule 3.7 and, therefore, because he cannot act as counsel none of his associates may do so because he also lacks the authority to direct or supervise them in that capacity. Second, he asserts that Bianchi, Combs, and possibly other assistant state's attorneys, including Webb, will be material witnesses and are therefore disqualified under ABA Model Rule 3.7. Finally, he argues that there is a conflict of interest and that a "strong public policy" supporting appointment of a special prosecutor exits where, as here, the state's attorney is an interested party in the litigation.

Because disqualification of counsel deprives a party of the representation of their choosing, allowing disqualification is a drastic measure which courts should hesitate to approve except when absolutely necessary. RMB Fasteners v. Heads & Threads Int'l, LLC, 2012 WL 245124, * 2 (N.D. Ill. Jan. 25, 2012). Additionally, a motion to disqualify counsel should be viewed with extreme caution for it can be misused as a harassment technique. RMB Fasteners, at * 2. Thus, the moving party bears a heavy burden of proving facts required for disqualification. RMB Fasteners, at * 2.

As for the applicable rules of attorney conduct, this court has generally adopted the ABA Model Rules of Professional Responsibility. See Local Rule 83.50. Under LR 83.50, any matter not addressed by the ABA Model Rules or for which the ABA Model Rules are inconsistent with the applicable state rules is governed by the state where the attorney's principal office is located. LR 83.50. In this case, that would be Illinois' Rules of Professional Conduct. See RMB Fasteners, at * 2.

## STATEMENT - OPINION

    Here, plaintiff's reliance on ABA Model Rule 3.7 is misplaced.[1] The mere fact that Bianchi might be disqualified based on his being a material witness does not necessarily preclude other attorneys in his office who are not otherwise disqualified from representing defendants. Plaintiff cites no meaningful authority for that novel proposition, and the court can find none. Plaintiff's further reliance on 55 ILCS 5/3-9008 is of no avail. That state-law provision lacks efficacy in this federal question litigation. Further, to the extent Bianchi is an "interested" party within the meaning of that statutory provision, there is no authority, and plaintiff cites none, for the extension of such a disqualification to all the other attorneys in the SA's Office.

    There is likewise no basis at this point to disqualify all attorneys in the SA's Office directly under ABA Model Rule 3.7. Plaintiff has not shown which attorneys, if any besides Bianchi and Combs, might be material witnesses in this case. To the extent Webb turns out to be a material witness, she may be barred from further representation at trial. It is premature to disqualify her or any other attorney besides defendants on that basis at this time.

    Lastly, plaintiff has not shown any actual conflict or appearance of impropriety that would justify disqualification of the entire SA's Office. Nor is there any indication that the public's confidence in the administration of justice will be affected by having any assistant state's attorneys who are not otherwise disqualified from representing defendants in this case.

    In short, plaintiff has not carried his heavy burden of obtaining the extreme measure of attorney disqualification in this case.[2] For these reasons, the motion to disqualify is denied.

---

1. The court will apply the ABA Model Rules as plaintiff has not identified any gap or inconsistency in those rules that would justify application of the Illinois rules.

2. The court notes that it is a particularly extreme measure in this case as such disqualification would result in McHenry County having to foot the bill for outside counsel while its already paid attorneys sit on the sidelines.