# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 50020 | **DATE** | 7/6/2012 |
| **CASE TITLE** | Chrzanowski vs. Bianchi et al | | |

**DOCKET ENTRY TEXT:**

For the reasons stated below, the court grants defendants' motion to dismiss Counts I and II of the amended complaint, grants plaintiff's request to voluntarily dismiss Counts III- VI, denies defendants' motion to dismiss Counts III- VI as moot, and dismisses this cause in its entirety.

*Philip G. Reinhard*

■[ For further details see text below.]           Electronic Notices.

## STATEMENT- OPINION

     Plaintiff, Kirk Chrzanowski, filed, pursuant to 42 U.S.C. § 1983 and Illinois law, a six- count amended complaint against defendants, Louis Bianchi, individually and in his official capacity as the State's Attorney for McHenry County, Illinois, Michael Combs, individually and in his official capacity as an assistant state's attorney for McHenry County, the McHenry County State's Attorney's Office, and McHenry County. The amended complaint alleges the following claims: (1) that plaintiff was terminated from his position as an assistant state's attorney in violation of the First Amendment to the United States Constitution (Count I against Bianchi individually); (2) that plaintiff was interrogated in violation of the First Amendment (Count II against Combs individually); (3) that plaintiff was retaliatorily discharged in violation of Illinois law (Count III against the McHenry County State's Attorney's Office); (4) that plaintiff was discharged in violation of the Illinois Whistleblower Act, 740 ILCS 174/1 et seq. (Count IV against the McHenry County State's Attorney's Office); (5) that plaintiff was discharged in violation of the Illinois State Officials and Employees Ethics Act, 5 ILCS 430/15 (Count V against Bianchi individually and the McHenry County

**STATEMENT- OPINION**

State's Attorney's Office); and (6) an indemnification claim under Illinois law, 745 ILCS 10/9- 102 (Count VI against McHenry County). Defendants have moved to dismiss all claims, contending as to Counts I and II respectively that Bianchi and Combs are qualifiedly immune because plaintiff's speech was related to his official duties as an assistant prosecutor, as to Counts III- V that there is no jurisdiction over those claims, and as to Count VI that a claim for indemnification cannot stand on its own. Plaintiff responds that as to Counts I and II that he spoke as a private citizen on a matter of public concern and therefore he may maintain a First Amendment claim against Bianchi and Combs. As to the state- law claims in Counts III- VI, plaintiff requests leave to voluntarily dismiss those claims.

Background

The following facts are taken from the amended complaint. Plaintiff was employed as an assistant state's attorney in McHenry County from January 23, 2006, until he was terminated on December 2, 2011. On or about February 10, 2011, plaintiff testified, pursuant to a subpoena, before a McHenry County grand jury. His testimony concerned allegations that Bianchi had improperly influenced or arranged a negotiated guilty plea in a criminal case for which plaintiff was the primary prosecutor. The grand jury returned an indictment, and plaintiff subsequently testified, again pursuant to a subpoena, at Bianchi's criminal trial.

According to the amended complaint, plaintiff had received good performance evaluations and salary increases prior to him testifying. After the disclosure of plaintiff as a witness, Bianchi retaliated against him by placing negative information in plaintiff's personnel file, including a memorandum, handwritten notes, and email. Further, plaintiff was interrogated by Bianchi and Combs about his grand jury and trial testimony. Bainchi subsequently asked plaintiff to resign, and when he refused, Bianchi terminated him. Plaintiff alleges he was terminated in retaliation for him truthfully testifying against Bianchi.

Applicable Law

A dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) is proper when allegations in a complaint, however true, would not raise a claim of entitlement to relief. Virnich v. Vorwold, 664 F. 3d 206,

212 (7th Cir. 2012). The complaint must contain allegations that state a claim to relief that is plausible on its face. Virnich, 664 F. 3d at 212. This standard is the same where qualified immunity is raised as an affirmative defense. Tamayo v. Blagojevich, 526 F. 3d 1074, 1090 (7th Cir. 2008).

Government actors performing discretionary functions are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Tamayo, 526 F. 3d at 1090. The applicable two- part test for determining whether an actor is entitled to qualified immunity is: (1) do the facts alleged, taken in the light most favorable to the plaintiff, show the defendant's conduct violated a constitutional right; and (2) was the constitutional right allegedly violated clearly established. Tamayo, 526 F. 3d at 1090. If either prong is not satisfied, then the defendant is entitled to qualified immunity. Tamayo, 526 F. 3d at 1090.

For a government employee's speech to qualify for First Amendment protection, he must have been speaking as a private citizen on a matter of public concern. Tamayo, 526 F. 3d at 1091 (citing Garcetti v. Ceballos, 547 U.S. 410, 418 (2006)). Public employees who speak pursuant to their official duties speak as employees rather than citizens, and thus their speech is not protected by the First Amendment regardless of its content. Tamayo, 526 F. 3d at 1091.

In this case, the issue is whether plaintiff's testimony was as a private citizen or as part of his official duties and responsibilities as an assistant state's attorney.[1] To answer this question, an understanding of the duties and responsibilities of an assistant state's attorney such as plaintiff is necessary.

As an assistant state's attorney plaintiff was obligated to pursue all criminal offenses, even those allegedly perpetrated by his supervisors, including Bianchi himself. See 55 ILCS 5/3- 9005(a)(1) (West 2010). It was also part of his job to serve the people of McHenry County in the proper administration of justice. Thus, it was part of those duties as a prosecutor that obligated plaintiff to cooperate in the pursuit of any criminal charges involving his supervisors, including testifying as a material witness if necessary.

Plaintiff also had a duty as an employee of the McHenry County State's Attorney's Office to report

claims of official misconduct by an elected official such as Bianchi. It was part of his responsibilities to see that the actions of his fellow prosecutors, including Bianchi, were consistent with applicable ethics rules and the appropriate administration of justice. This separate duty included cooperating with any investigation into improper conduct by anyone in the office.

The duties of plaintiff in this case are very similar to those of the plaintiff in Tamayo. There the plaintiff was called on to testify before a legislative committee investigating alleged improprieties by the then Governor of Illinois. Her testimony pertained to the alleged wrongdoing. Tamayo, 526 F. 3d at 1091.

In holding that the plaintiff's testimony was not protected under the First Amendment, the Court of Appeals emphasized that she "had a duty to see that the law was administered properly." Tamayo, 526 F. 3d at 1091. Further, the Court of Appeals stated this responsibility " encompassed a duty to bring alleged wrongdoing within her agency to the attention of the relevant public authorities." Tamayo, 526 F. 3d at 1091. Thus, this court finds Tamayo to provide strong support for its conclusion that plaintiff's testimony here regarding the allegations of criminal wrongdoing by Bianchi was clearly part of his duties and obligations as a prosecutor and employee of the McHenry County State's Attorney's office.

This conclusion is further bolstered by the Garcetti decision itself. There, the plaintiff, as assistant prosecutor, investigated a claim that a search warrant affidavit contained serious misrepresentations. Garcetti, 547 U.S. at 414. The plaintiff further submitted an internal memorandum regarding his investigation and also testified for the defense at the suppression hearing as to his observations regarding the challenged affidavit. Garcetti, 547 U.S. at 414. He claimed he was subsequently disciplined for his speech.

The Supreme Court, in holding that the plaintiff's speech was not protected by the First Amendment, focused on the "controlling" fact that his expressions were made " pursuant to his duties." Garcetti, 547 U.S. at 421. The fact that the plaintiff spoke as " a prosecutor fulfilling a responsibility... about how best to proceed with a pending case" distinguished the plaintiff's situation from those in which the First Amendment provides protection. Garcetti, 547 U.S. at 421. Restricting such speech that owes its existence to a public

**STATEMENT- OPINION**

employee's professional responsibilities does not infringe any liberties the employee might have as a private citizen. Garcetti, 547 U.S. at 421- 22. The plaintiff did not act as a citizen when he investigated potential criminal charges and did not speak as a citizen by addressing the proper disposition of a pending criminal case. Garcetti, 547 U.S. at 422.

That is exactly the case here. Pursuant to his duties as a prosecutor, plaintiff questioned the actions of Bianchi as it related to a pending case over which plaintiff had primary responsibility. That questioning led to further investigation by outside authorities which in turn resulted in a criminal prosecution requiring plaintiff's testimony. There can be no question here, after Gacretti, that plaintiff was acting and speaking in his role as prosecutor as opposed to a private citizen when he testified. Accordingly, his speech was not protected by the First Amendment.

This is so notwithstanding that he testified pursuant to a subpoena. His duty to participate in the investigation, including testifying, emanated from a duty completely independent of any compulsion via the subpoena. The subpoena was merely a procedural mechanism to obtain his presence at the grand jury and trial and did not detract from his overarching duty to cooperate in the criminal prosecution as an assistant state's attorney and employee of the McHenry County State's Attorney's Office.

Because plaintiff's testimony was not protected by the First Amendment he has not set forth a valid constitutional claim against either Bainchi or Combs. That alone supports application of the qualified immunity defense. The court therefore need not reach the second prong of the qualified immunity defense.

Having so concluded, the court notes that even if the conclusion that there was no constitutional violation is incorrect, it cannot be said that the right was so clearly established that defendants cannot avail themselves of qualified immunity. At most in plaintiff's favor there is some question as to whether or not he spoke as a private citizen as opposed to a prosecutor and employee. An answer favorable to plaintiff, however, would be far from based on clearly established law. Thus, even if defendants violated the First Amendment under the unique facts of this case, they would still be qualifiedly immune under the second

**STATEMENT- OPINION**

prong of the doctrine.

For the foregoing reasons, the court grants defendants' motion to dismiss Counts I and II of the amended complaint, grants plaintiff's request to voluntarily dismiss Counts III- VI,[2] denies defendants' motion to dismiss Counts III- VI as moot, and dismisses this cause in its entirety.

1. Defendants rightly do not contend that the content of the speech did not regard a matter of public concern.

2. Even if plaintiff had not sought voluntary dismissal of these state- law claims, the court would have dismissed them without prejudice pursuant to 28 U.S.C. § 1367(c).