IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| Kirk Chrzanowski, | ) | |
|---|---|---|
| Plaintiff, | ) | Case No. 12 C 50020 |
| vs. | ) | |
| Louis A. Bianchi, et al., | ) | Judge Philip G. Reinhard |
| Defendant. | ) | |

## ORDER

For the reasons set forth below, defendant's motions in limine number two and number three are granted. Plaintiff's motion in limine number two is denied. Plaintiff's motion in limine number three is granted as modified. Ruling on plaintiff's and defendant's motions in limine number one is deferred. Within 14 days, defendant shall file the deposition transcript of Ms. Hooper and any exhibits tendered during her deposition and plaintiff shall file a statement as to his search for employment as set out above. Within 14 days thereafter, the parties may each file a supplemental brief in support of or opposition to defendant's motion in limine number one and plaintiff's motion in limine number one.

## STATEMENT-OPINION

The parties' motions in limine are before the court. Plaintiff moves to bar evidence 1) that he moved out of state and is currently unemployed; 2) that phone records show that Ron Salgado did not call plaintiff; and 3) that defendant was acquitted in the criminal case in which plaintiff testified. Defendant moves to bar plaintiff from 1) referring to or introducing evidence to support damages for lost sick and personal time and lost pension benefits; 2) referring to or introducing evidence referring to attorney's fees or plaintiff's claim for attorney's fees; and 3) any reference to or evidence that relates to punitive damages and any evidence of defendant's net worth unless and until the court determines that the evidence is legally sufficient for the jury to consider assessing such damages.

Plaintiff's and defendant's first motions in limine are related and will be discussed together later in this opinion.

Plaintiff does not object to defendant's second motion in limine and it is granted. Plaintiff shall not refer to or introduce any evidence referring to attorney's fees or plaintiff's claim for attorney's fees.

1

Defendant's third motion in limine is also granted. Defendant asks the court to defer admission of evidence of defendant's net worth, and that plaintiff be barred from referring to punitive damages, until such time as the court concludes there is sufficient evidence submitted to support a claim for punitive damages. This is a reasonable request. Plaintiff's objection to this motion does not go to the matters sought to be barred but rather asserts that plaintiff should be allowed to elicit testimony that defendant's conduct was motivated by evil motive and intent. Plaintiff may elicit such testimony to establish whether he is entitled to punitive damages. A decision on whether and when to allow the introduction of evidence of defendant's net worth or to allow reference to plaintiff's claim for punitive damages will be made at an appropriate time during trial, normally at the close of plaintiff's case.

Plaintiff's second motion in limine seeks to bar defendant from presenting evidence that phone records show that Ron Salgado did not call plaintiff. The stated reason for defendant's termination of plaintiff's employment was defendant's conclusion that plaintiff made an entry in the "blue back" in the case file for People v. Reid stating plaintiff had received a phone call from Ron Salgado. Salgado denies making the phone call. The phone records at issue purport to show no phone call was made by Salgado to plaintiff. Plaintiff argues that, based on the deposition testimony of Ronald Maas, the McHenry County IT Department's help desk manager identified by defendant as the person with the most knowledge of the courthouse phone system, the phone records do not definitively disprove that the phone call was made by Salgado. Maas's deposition testimony showed he did not know if phone calls placed in a certain manner at the courthouse would appear in the records at issue. Plaintiff contends the records' probative value is outweighed by their prejudice to plaintiff. However, so long as Maas testifies, plaintiff will be able to explore with him the possible defects in the phone records and elicit his testimony that he does not know whether all calls and thus, the alleged call from Salgado, would appear in the records. The phone records will not be excluded.

Plaintiff's motion in limine number three seeks to bar evidence that defendant was acquitted in People v. Bianchi. Plaintiff claims defendant retaliated against him because he testified in the prosecution's case-in-chief in the criminal case against defendant. Plaintiff contends defendant's acquittal is irrelevant to his claims in this case. Defendant contends the evidence should be admitted so he can argue he had no reason to terminate plaintiff for his testimony because the testimony contributed to defendant's acquittal. The court believes that for the sake of clarity the jury should be advised by the court that defendant remains the state's attorney and that he was found not guilty in the criminal case. The jury should also be advised that the finding of not guilty has no bearing on plaintiff's claims. Neither party will be allowed to comment on the outcome of People v. Bianchi or to speculate on the impact of plaintiff's testimony in that case on the outcome.

Defendant's motion in limine number one seeks to bar any evidence of lost sick and personal time because, in violation of Fed. R. Civ. P. 26(a)(1)(A)(iii) plaintiff never provided a calculation as to how this figure was derived. Defendant also seeks to bar evidence of lost future pension benefits because such evidence is speculative.

Plaintiff's motion in limine number one seeks to bar evidence that plaintiff moved out of state and is currently unemployed. Plaintiff represents he is seeking damages for lost wages for the period of time between his termination in December 2011 and the time he next found employment in April 2012. Plaintiff was continuously employed from April 2012 until he moved out of state when his wife took a new job in 2015 in North Carolina. Plaintiff argues his current employment status and that he moved is irrelevant and would "create an inaccurate, unfair and prejudicial impression of the Plaintiff upon the jury." Defendant argues that because plaintiff is also seeking lost pension benefits that plaintiff's decision to quit his job and move is relevant to the lost pension claim assuming the court denies defendant's motion in limine number one and allows evidence related to plaintiff's lost pension claim.

Rule 26(a)(1)(A)(iii) requires a party to disclose a computation of each category of damages claimed by the disclosing party. Rule 37(c)(1) provides failure to provide this calculation results in the party not being allowed to use that information at trial unless "the failure was substantially justified or harmless." Plaintiff did not provide a computation of lost sick and personal time but simply offers an approximate amount. He argues in response to the motion in limine that he can testify regarding the amount of sick and personal time he accumulated and that he produced written documentation through paystubs, showing sick and personal time that he accrued. But neither his ability to testify nor his providing documents from which a computation could be made is the same as providing a computation. The court, pursuant to Rule 37(c)(1), will bar, at this point, the admission of evidence of plaintiff's lost sick and personal time but plaintiff may file a motion seeking to show the evidence should be admitted despite the Rule 26(a) violation because the failure to disclose it is harmless under Rule 37(c)(1).

As to the claimed lost pension benefits, the court lacks sufficient information to rule on the motion. Plaintiff represents he received a projection from the IMRF regarding the future value of his pension had he continued his employment with the state's attorney's office until retirement age. That value was $1,917,207.24. The IMRF calculation was apparently prepared by a Ms. Hooper, who was deposed. In order to rule on defendant's motion as it relates to the lost pension benefits claim, the court needs the deposition transcript of Ms. Hooper and any exhibits tendered during her deposition. The court also needs a statement from plaintiff as to his search for employment after his termination to the present – the places he applied, whether any of the positions he applied for would have been jobs in which he would have contributed to the IMRF, what jobs he actually took, and when he left those positions.

While the court is very concerned about the seemingly speculative nature of the lost pension claims, the court deems it appropriate to examine the requested evidence on the lost future pension claims before ruling on the defendant's motion to exclude it and on plaintiff's motion to exclude defendant's evidence of plaintiff's current employment status.

For the foregoing reasons, defendant's second motion in limine is granted without objection. Defendant's third motion in limine is granted. Plaintiff's motion in limine number two is denied. Plaintiff's motion in limine number three is granted as modified. The jury will

3

be advised by the court that defendant remains the state's attorney and that he was found not guilty in the criminal case. The jury will also be advised that the finding of not guilty has no bearing on plaintiff's claims. Neither party will be allowed to comment on the outcome of People v. Bianchi or to speculate on the impact of plaintiff's testimony in that case on the outcome. Ruling is deferred on defendant's motion in limine number one. The court also defers ruling on plaintiff's motion in limine number one until such time as it rules on defendant's motion in limine number one. Within 14 days, defendant shall file the deposition transcript of Ms. Hooper and any exhibits tendered during her deposition and plaintiff shall file a statement as to his search for employment as set out above. Within 14 days thereafter, the parties may each file a supplemental brief in support of or opposition to defendant's motion in limine number one and plaintiff's motion in limine number one.

Date: 3/17/2016          ENTER:

_____
United States District Court Judge

Electronic Notices. (LC)