IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| Kirk Chrzanowski, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | Case No: 12 C 50020 |
| v. | ) ) ) | Judge Philip G. Reinhard |
| Louis A. Bianchi, et al., | ) ) | |
| Defendants. | ) | |

## ORDER

For the reasons stated below, defendant's motion in limine number 1 is granted. Plaintiff's motion in limine number 1 is granted. Defendant's motion to reconsider [163] is denied.

## STATEMENT-OPINION

On March 17, 2016, the court ordered [158] the parties to provide supplemental materials, and gave them an opportunity to provide supplemental briefs, on both defendant's motion in limine number 1 and plaintiff's motion in limine number 1. The supplemental materials have been provided and defendant has supplied a supplemental brief. Plaintiff has not filed a supplemental brief. Defendant has separately moved [163] the court to reconsider its ruling [158] on plaintiff's motion in limine number 3.

While plaintiff was employed by defendant, plaintiff was a participant in the Illinois Municipal Retirement Fund ("IMRF"). After his termination, plaintiff withdrew all of the amounts he had contributed to the IMRF during his employment with defendant. Plaintiff seeks to present evidence at trial that he is entitled to $1,917,207.24 in lost future IMRF pension benefits.

Defendant argues plaintiff should be barred from introducing any evidence of lost future pension benefits because such evidence is speculative and the computation used to determine the amount of plaintiff's claim for lost future pension benefits was not disclosed as required by Fed. R. Civ. P. 26(a)(1)(A)(iii). Rule 26(a)(1)(A)(iii) requires a party to disclose a computation of each category of damages claimed by the disclosing party. Rule 37(c)(1) provides failure to

1

provide this calculation results in the party not being allowed to use that information at trial unless "the failure was substantially justified or harmless."[1]

On May 22, 2014, Magistrate Judge Johnston granted defendant's motion to compel [78] and ordered [82] plaintiff to provide "the computations required under Rule 26(a) for damages by 6/13/2014." On June 12, 2014, plaintiff served on defendant plaintiff's supplemental Rule 26(a)(1) disclosures which contained the following: "Lost Pension – At this time, Plaintiff is aware that he contributed approximately $14,882.00 to his IMRF while employed at the McHenry County State's Attorney's Office. Had Plaintiff not been illegally terminated, his pension would have vested and he would have accumulated significantly more in his IMRF account." This disclosure contained no computation of damages for the lost future pension benefits claim.

On December 22, 2014, plaintiff served on defendant plaintiff's Rule 26(a)(2) disclosure, disclosing Ms. Louise Hooper as a witness under Rule 26(a)(2)(C) – an expert who does not provide a written report. Ms. Hooper is an employee of the IMRF. Plaintiff attached to this disclosure a copy of a letter from Ms. Hooper to plaintiff which stated "if you retire as of 12/31/2039, you will be eligible to receive a retirement benefit of approximately $7,456.57 per month effective 01/01/2040. These amounts assumed you continued to work for McHenry County and participated with IMRF until 12/31/2039. These amounts were calculated based on 33.917 years of IMRF service and a projected final annual average salary of $142,393.75. Your IMRF pension will be increased by 3 percent (the first year is prorated) of the original amount on January 1 of each year. This is an estimate only and not a commitment of the benefit you will receive. Your exact pension can be computed only after you terminate and your employer submits to IMRF the monthly report which lists your last earnings."

This letter does not provide a computation of plaintiff's damages for lost pension benefits. It simply gives an estimate of the monthly benefit plaintiff might receive beginning in January 2040 based on a set of assumptions set out in the letter. The figure plaintiff claims as damages, $1,917,207.24, does not appear in this letter nor does the letter indicate the computation method that would yield that number as the amount of plaintiff's damages. When Ms. Hooper was deposed, she did not testify as to the $1,917,207.24 figure. She did not testify at all as to an estimated value of plaintiff's lost future pension benefits. She did not provide a computation for determining lost future pension benefits. She did not compute the present value of these future pension benefits.

---

[1] The court previously ruled [158] it would bar pursuant to Rule 37(c)(1) the admission of evidence of plaintiff's lost sick and personal time for failure to comply with Rule 26(a)(1)(A)(iii)'s requirement that a computation of each category of damages claimed by plaintiff be disclosed. Plaintiff did not provide a computation of lost sick and personal time but merely offered an approximate amount.

Plaintiff has failed to disclose the computation of damages for his claimed lost future pension benefits. While Ms. Hooper's letter sets out how she calculated (based on the assumptions provided to her by plaintiff) the monthly pension benefit she estimated would be payable beginning in January 2040, it provides no computation leading to plaintiff's claimed loss of $1,917,207.24. Plaintiff argues this is the value based on his drawing that pension for 26 years beginning in January 2040 but he does not provide a computation. Evidence of lost future pension benefits is excludable under Rule 37(c)(1).

Moreover, the evidence of lost future pension benefits is speculative. Plaintiff relies on Raines v. New York Central Railroad Co., 283 N.E.2d 230 (Ill. 1972) to support his position that projections of lost future pension benefits are admissible. In Raines, the plaintiff was severely injured on the job while working between a locomotive and a boxcar. The injury led to the amputation of both of plaintiff's legs close to the hips. At the time of the injury, plaintiff had been employed for nine days. His pension rights would have vested after ten years of employment. The plaintiff argued that "the pension rights he would have acquired under the Railroad Retirement Act are a part of the remuneration for continued employment with the railroad, that these benefits would have vested after ten years of employment, and that he was forever deprived of them." Id., at 233. Raines notes "[i]n other actions for personal injuries, courts have held that the introduction of lost pension rights is a proper element of damage." Id., at 234. It noted that the "right to mature a pension is somewhat analogous to the right of a person to work and earn in the future. Loss of future earning capacity has always been considered a proper element of damages." Id. (internal quotation marks and citation omitted.)

A lawyer getting fired is not like a railroad worker losing his legs. In Raines, the plaintiff's injury rendered him unable to work in the future and his inability to work in the future made it impossible for him to earn the railroad pension which he could have collected after his working days were done. Thus, Mr. Raines lost his future earning capacity by virtue of his injury and that future earning capacity included the pension benefits he could have earned. It is this future earning capacity that Raines held was a proper element of damages. Id.

Plaintiff was not similarly permanently incapacitated. Plaintiff was readily re-employable as a lawyer and in fact obtained employment within a few months of his termination. His firing did not impair plaintiff's ability to work and earn in the future. He obtained one job, then left it for another. Each paid more than the job he lost. He has the ability to work, to earn a pension and to participate in employer sponsored retirement plans in the future, if he wishes to do so. Mr. Raines did not have these options. Plaintiff's case is distinguishable from Raines because plaintiff has not lost his future earning capacity.

Since plaintiff's earning capacity has not been lost, the assumptions underlying his projections of future earnings, pension accruals, and pension benefits are all speculative. If the court were to allow this evidence, how could it prevent defendant from speculating on his own set of assumptions as to plaintiff's future – going into a more lucrative private practice, with a better retirement plan, yielding a higher payout on retirement? Defendant's guess would be as

good as plaintiff's, that is too say, not very good at all. Defendant's motion in limine number 1 is granted.

Plaintiff's motion in limine number 1 seeks to bar defendant from introducing evidence that defendant moved out of state and is currently unemployed. Defendant argues that if the court denies his motion in limine number 1 (discussed above) that defendant should be allowed to introduce evidence of plaintiff quitting his job in private practice and moving to North Carolina due to a job change by plaintiff's wife. Since the court has granted defendant's motion in limine number 1, the reason defendant advances for being allowed to introduce evidence of plaintiff's move and current employment status has become moot. Accordingly, the court grants plaintiff's motion in limine number 1.

Defendant also asks the court to reconsider its prior ruling on plaintiff's motion in limine number 3. The court previously ruled "that for the sake of clarity the jury should be advised by the court that defendant remains the state's attorney and that he was found not guilty in the criminal case. The jury should also be advised that the finding of not guilty has no bearing on plaintiff's claims. Neither party will be allowed to comment on the outcome of People v. Bianchi or to speculate on the impact of plaintiff's testimony in that case on the outcome." Nothing in the motion to reconsider convinces the court it should alter its ruling.

For the foregoing reasons, defendant's motion in limine number 1 is granted. Plaintiff's motion in limine number 1 is granted. Defendant's motion to reconsider [163] is denied.

Date: 5/02/2016                                  ENTER:

                                                 _____
                                                 United States District Court Judge